NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LANCE P. MCDERMOTT,**

*Plaintiff-Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE, MERIT SYSTEMS PROTECTION BOARD,**

*Defendants-Respondents*

---

2025-125, 2025-126

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the Western District of Washington in Nos. 2:24-cv-01734-JLR and 2:24-cv-01943-JLR, Senior Judge James L. Robart.

---

**ON PETITION**

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Lance P. McDermott files petitions for permission to appeal from district court proceedings. We consolidate the petitions and dismiss.

Previously, Mr. McDermott sought this court's review of the Merit Systems Protection Board's decisions dismissing his appeals, which included allegations of discrimination. Because Mr. McDermott sought to bring "[c]ases of discrimination," 5 U.S.C. § 7703(b)(2), which we lack jurisdiction to review, we transferred to district court. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Following transfer, the district court dismissed, and Mr. McDermott's resulting notices of appeal have been docketed with the United States Court of Appeals for the Ninth Circuit. Mr. McDermott has since filed these petitions.

There is no basis to grant Mr. McDermott's petitions. The district court certified no order for appeal, 28 U.S.C. § 1292(b), (c)(1), nor is his "appeal [otherwise] within th[is] court of appeals' discretion," Fed. R. App. P. 5(a)(1). Our jurisdiction over district court appeals is also limited to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); and cases involving certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2). Here, Mr. McDermott's cases do not fall within that limited subject matter jurisdiction, and to whatever extent Mr. McDermott's submissions could instead be construed as notices of appeal, such appeals already have been docketed in the appropriate regional circuit. *See* 28 U.S.C. §§ 41, 1291. Finally, to the extent Mr. McDermott again seeks our direct review of the Board's decisions, we have already explained to him that we lack jurisdiction.

Accordingly,

MCDERMOTT v. USPS                                                    3

IT IS ORDERED THAT:

The petitions are consolidated (the revised official caption is reflected in this order) and dismissed for lack of jurisdiction.

FOR THE COURT

April 16, 2025                          Jarrett B. Perlow
Date                                      Clerk of Court